```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
                                                                  :
   LUIS CAJAMARCA,                                                :
                                                                  :         1:15-cv-8244-GHW
                                               Plaintiff,         :
                                                                  :         MEMORANDUM OPINION
                           -against-                              :             AND ORDER
                                                                  :
YERINA RESTAURANT CORP. d/b/a ARTE                                :
RESTAURANT, AZEM HASANGJIKAJ a/k/a                                :
AZEM HASANGJEKAJ a/k/a MARTINO                                    :
HASANGJEKAJ and SEGUNDO CALLE,                                    :
                                                                  :
                                               Defendants.        :
                                                                  :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/2016

GREGORY H. WOODS, United States District Judge:

### I.   BACKGROUND

Plaintiff Luis Cajamarca filed this case on October 20, 2015, alleging claims for unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After a one-day bench trial, the Court found that the defendants violated the FLSA and NYLL and awarded unpaid wages and liquidated damages. *See* Dkt. No. 45. The Clerk of Court entered judgment for the plaintiff against defendants, jointly and severally, in the amount of $19,425.00. *See* Dkt. No. 56.

On July 11, 2016, plaintiff's counsel moved for an award of $45,070.00 in attorney's fees and $2,736.59 in costs, pursuant to the fee-shifting provisions of the FLSA, 29 U.S.C. § 216(b), and the NYLL, N.Y. Lab. Law § 198(1-a). *See* Dkt. No. 57. Defendants responded on July 27, 2016. See Dkt. No. 59. For the reasons stated below, the Court awards plaintiff $45,070.00 in attorney's fees and $2,736.49 in costs.

## II.     DISCUSSION

### A. Attorney's Fees Under the FLSA and NYLL

Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . ." and "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment [and] all reasonable attorney's  fees . . . ." N.Y. Lab. Law § 198(1-a).  Because the Court found that defendants violated the FLSA and NYLL, plaintiff is entitled to reasonable attorney's fees and costs in addition to the judgment already entered in his favor.

The Court has discretion in determining the appropriate amount of the fee award.  *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  The Supreme Court has said that "[t]his is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*; *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential.").

The Second Circuit's approach to determining an appropriate attorney's fee award requires the Court to calculate the lodestar—a "presumptively reasonable fee," which is the product of:  (1) a reasonable hourly rate for the attorney's work; and (2) a reasonable number of hours of work required by the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)).  The party seeking fees bears "the burden of 'establishing entitlement to an award and documenting the

2

appropriate hours expended and hourly rates.'" *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (quoting *Cruz v. Local Union Number 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)).

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Plaintiff's counsel submitted documentation of their work, including time records for each attorney, paralegal, and assistant who worked on this case, and an explanation of the hourly rates sought for each. *See* Memorandum of Law in Support of Plaintiff's Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Plaintiff's Memo"), Dkt. No. 57, at 4-9; Kumar Decl., Dkt. No. 58 (including exhibits).

**B. Reasonable Hourly Rates**

A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. To find a reasonable hourly rate, the Court must determine whether the rates requested by plaintiff's counsel are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority,* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.1 (1984)). In order to make this determination, courts look to: (1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties. *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005) (citations omitted).

Plaintiff requests a rate of $400 per hour for William Cafaro, named partner at the Law Offices of William Cafaro., who has been litigating private civil cases since 1986, and whose office "has filed over 300 individual, collective, and class actions under the Fair Labor Standards Act and New York Labor Law" since 2009. *See* Plaintiff's Memo at 4-5. Plaintiff requests a rate of $250 per hour for Amit Kumar, an associate who graduated from Hofstra University School of Law in 2012 and joined the Law Offices of William Cafaro in 2013. *See id.* at 5. Mr. Kumar has focused on plaintiff-side employment litigation since joining Mr. Cafaro's firm. *Id.* Plaintiff requests a rate of

3

$125.00 per hour for Nicholas Duran, a paralegal who holds an associate's degree in Paralegal Studies, and who has worked at Mr. Cafaro's firm since 2007. *Id.* at 6. Mr. Duran is fluent in Spanish and provided both paralegal and translation services throughout this litigation. *Id.* Finally, Plaintiff requests $75.00 for Odaris Palacios, a legal assistant who has worked at Mr. Cafaro's frim since 2011. *Id.* Ms. Palacios is also fluent in Spanish, and assisted Mr. Kumar and provided translation services throughout this litigation. *Id.*

In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience. *See, e.g.*, *Tackie v. Keff Enterprises LLC*, No. 14-cv-2074, 2014 WL 4626229-JPO, at *7 (S.D.N.Y. Sept. 16, 2014) ($400 per hour for partner with 11 years of experience in wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); *Morano v. Intercontinental Capital Grp., Inc.*, No. 10-cv-2192-KBF, 2013 WL 474349, at *3 (S.D.N.Y. Jan. 25, 2013) ($375 per hour for experienced employment law litigator). "[A]ssociates with at least four years of experience . . . are typically awarded fees of about $200 to $275 per hour." *Siegel v. Bloomberg L.P.*, 2016 WL 1211849-DF, at *6 (S.D.N.Y. Mar. 22, 2016) (collecting cases).

In addition, Mr. Cafaro's rate of $400 per hour and Mr. Kumar's rate of $250 per hour have been previously approved as "well within the range that courts in this District have found reasonable . . . for attorneys with similar experience." *Mendes-Garcia v. 77 Deerhurst Corp., et al.*, No. 11-cv-02797-PGG-MHD, Dkt. No. 226 (S.D.N.Y. Aug. 19, 2014). Accordingly, the Court approves Mr. Cafaro's rate of $400 per hour and Mr. Kumar's rate of $250 per hour.

Courts in this district have awarded rates in the range of $75–$125 to paralegals, but the rate varies depending on experience. *See, e.g.*, *Black v. Nunwood Inc. et al.*, No. 13-cv-7207-GHW, 2015 WL 1958917, at *6 (S.D.N.Y. Apr. 30, 2015) ($75 per hour where no information provided on experience); *Castellanos v. Mid Bronx Comm. Housing Mgmt. Corp.*, No. 13-cv-3061-JGK, 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) ($95 per hour); *Guallpa v. N.Y. Pro Signs Inc.*, No. 11-cv-

4

3133-LGS-FM, 2014 WL 2200393, at *10 (S.D.N.Y. May 27, 2014) *report and recommendation adopted sub nom.*, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) ($125 per hour); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ($100 per hour). A rate of $75 per hour has been approved for work performed by legal assistants. *Vasquez v. TGD Group, Inc.*, No. 14-cv-7862-RA, 2016 WL 3181150, at *4 (S.D.N.Y. June 3, 2016).

In light of Mr. Duran's nine years of experience as a paralegal, the Court approves his rate of $125 per hour. Ms. Palacios's rate of $75.00 is also approved.

### C. Time Reasonably Expended

To determine a reasonable number of hours of work for a particular case, the Court must examine "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also consider its "own familiarity with the case and . . . experience generally. Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." *Guallpa v. N.Y. Pro Signs Inc.*, 2014 WL 2200393, at *10-11 (S.D.N.Y. May 27, 2014) (alterations omitted). "Finally, billing judgment must be factored into the equation." *Id.*

The Court finds the time records submitted by plaintiff's counsel to be sufficiently detailed and reasonable. Accordingly, the Court awards plaintiff $45,070.00 in attorney's fees, calculated by multiplying the reasonable hourly rate for each attorney, paralegal, and assistant by the number of hours she or he worked, according to the billing sheet included as Exhibit 2 to Mr. Kumar's declaration. ECF No. 58-2.

### D. Costs

As the prevailing party in this case, plaintiff is entitled to recover costs in addition to reasonable attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663. Costs are

defined as "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

Plaintiff requests reimbursement of $2,736.49 for court filing and service of process fees, as well as for expenses incurred for deposition and trial transcripts, and hiring a Spanish interpreter for a deposition and for trial.[1] These costs are all reasonable and courts have allowed them in similar cases. *See, e.g.*, *Marquez v. Erenler, Inc.*, No. 12-cv-8580-GHW, 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition, and interpreter expenses); *Kadden v. VisuaLex, LLC*, No. 11-cv-4892-SAS, 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (awarding filing fee and deposition, process server, and transcript expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding expenses for interpreters at settlement conference and depositions); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725-DC, 2010 WL 4159391, at *8-9 (S.D.N.Y. Sept. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter).

### III. CONCLUSION

Plaintiff is entitled to $45,070.00 in attorney's fees and $2,736.49 in costs. The Clerk of Court is directed to enter judgment for the plaintiff, against the defendants jointly and severally, in the amount of $47,806.49 and to terminate the motion pending at docket number 51.

SO ORDERED.

Dated: August 4, 2016
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] The Court notes that in Plaintiff's papers the requested amount was $2,736.50, not $2,736.49. However, the billing records attached to Mr. Kumar's declaration establish that the cost of the deposition transcripts was $942.40, not $942.50, and so the costs awarded correct this typographical error. *See* Kumar Decl. Ex. 6, ECF No. 58-6.